UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re: )
)          Bankr. Case No. 16-26076
Tony R. Jones, )
)          Chapter 7
Debtor. )
)          Honorable Jacqueline P. Cox
)
Tony R. Jones, )
)
Plaintiff, )
)
v. )          Adv. Case No. 22-00206
)
City of Chicago, Illinois, )
)
Defendant. )
)

**Amended Opinion on the City's Motion to Dismiss (Adv. Dkt. No. 20)**

This matter comes before the court on the City of Chicago's (the "City") Motion to Dismiss

the First Amended Individual and Class Action Complaint for Damages for Violation of the

Automatic Stay ("Motion to Dismiss" or "Motion") (Adv. Dkt. 20). For the reasons explained

below, the Motion is granted. Adversary proceeding No. 22-00206 is dismissed with prejudice.

**I. Jurisdiction**

The court has jurisdiction over this matter under 28 U.S.C. § 1334 and Internal Operating

Procedure 15(a) of the U.S. District Court for the Northern District of Illinois. This matter is a

"core" proceeding under 28 U.S.C. § 157(b)(2)(A), matters concerning the administration of the

estate.[1]

## II. Background

This matter concerns the rights, if any, of Tony R. Jones ("Plaintiff," "Plaintiff-Debtor," or "Debtor"), in a vehicle impounded and repossessed pre-petition. The City offered to turn the vehicle over to the Chapter 7 Trustee (the "Trustee") during the Debtor's bankruptcy case; the Trustee declined to accept it due to its inconsequential value. Nov. 14, 2023 Hearing Transcript (hereinafter "Nov. 14, 2023 Hr'g Tr."), pp. 23, 28.

On August 15, 2016, the Debtor filed this pro se Chapter 7 case. *See* Petition (Dkt. 1), *In re Jones*, Bankr. Case No. 16-26076 (Bankr. N.D. Ill. 2016).[2]   Because his prior bankruptcy case, Bankr. Case No. 16-22327, had been dismissed on August 11, 2016, the automatic stay came into existence in the latter case for 30 days.[3]   11 U.S.C. § 362(c) (3)(A).  The Debtor filed a motion to extend or impose the automatic stay herein on September 14, 2016.  That motion was granted on September 22, 2016; the automatic stay was extended generally as to all creditors.  *Id.*, Mot. to Extend and/or Impose Automatic Stay (BK Dkt. 13) & Order (BK Dkt. 15).

The Debtor scheduled a 1996 Dodge Ram vehicle ("the vehicle") valued at $2,500 that had been "seized by [the] City of Chicago." *Id.*, Petition (BK Dkt. 1), Schedule A/B: Property, p. 14. The vehicle was not claimed as exempt. *Id.*, Petition (BK Dkt. 1), Schedule C: The Property You

---

[1] The City seeks to dismiss the case for lack of subject-matter jurisdiction. *See* Motion to Dismiss ("Mot. to Dismiss") (Adv. Dkt. 20), p. 1, *Jones v. City of Chi.*, Adv. No. 22-00206 (*In re Jones*), Ch. 7 Case No. 16-26076 (hereinafter "*Jones*") (citing Fed. R. Civ. P. 12(b)(1); Fed. R. Bankr. P. 7012(b)).

[2] References to docket entries in the Debtor's Chapter 7 bankruptcy case, *In re Jones*, Bankr. Case No. 16-26076, will hereinafter be referred to as "BK Dkt."

[3] The earlier case was dismissed because the Debtor failed to file a credit counseling certificate as required by 11 U.S.C. §§ 109(h) and 521(b)(1).

Claim as Exempt, pp. 23-24. The Debtor scheduled the City of Chicago Department of Revenue as a secured creditor with an $8,480 secured claim stemming from booting and seizing his vehicle for traffic tickets. *Id.*, Petition (BK Dkt. 1), Schedule D: Creditors Who Have Claims Secured by Property, p. 25. The City was listed as having a lien from the automobile seizure. *Id.*

During this Chapter 7 case, the City offered to turn over the vehicle, which had been impounded pre-petition, to the Chapter 7 Trustee, Phillip D. Levey. Nov. 14, 2023 Hr'g Tr., pp. 10, 23. The Trustee declined the City's offer. Nov. 14, 2023 Hr'g Tr., pp. 5, 15-16. The Chapter 7 Trustee filed a no-asset report herein and the Debtor's debts were discharged under 11 U.S.C. § 727 on November 9, 2016. *See* Discharge Order (BK Dkt. 20). The bankruptcy case was closed on November 14, 2016; the Trustee was discharged. *Id.*

Note that the Discharge Order states that creditors cannot collect discharged debts but that "a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile." *See* Discharge Order (BK Dkt. 20), p. 1.

On July 6, 2017, the Debtor filed a Chapter 13 bankruptcy case pro se, assigned to Judge A. Benjamin Goldgar. *See In re Jones*, Bankr. Case No. 17-20197 (Bankr. N.D. Ill. 2017).[4] The Debtor did not schedule the vehicle in question or claim it as exempt, but he did schedule a different vehicle (a 2015 Dodge Journey) and claimed it as exempt. *See* Schedules (Ch. 13 BK Dkt. 16), Schedule

---

[4] References to docket entries in the Debtor's Chapter 13 bankruptcy case, *In re Jones*, Bankr. Case No. 17-20197 (Bankr. N.D. Ill. filed July 6, 2017) will hereinafter be referred to as "Ch. 13 BK Dkt."

-3-

A/B, p. 2; Schedule C, p. 11.  On August 7, 2018, his Chapter 13 case was dismissed.[5]  On

November 13, 2018, the case was closed; the Chapter 13 Trustee was discharged.[6]

On May 6, 2019, Chapter 13 Debtors whose vehicles had been impounded by the City pre-

petition (including the Plaintiff-Debtor herein) filed an adversary proceeding against the City; it was

assigned to Judge Timothy A. Barnes. *See* First Am. Compl. (Adv. Dkt. 1), ¶¶ 6-15, *Cordova v. City*

*of Chi.* (*In re Cordova*), Ch. 13 Case No. 19-06255, Adv. No. 19-00684 (hereinafter "*Cordova*")

(stating the Plaintiffs joined in the action under Fed. R. Bankr. P. 7020).  The Plaintiffs asserted they

had a private right of action to proceed under 11 U.S.C. § 362(k) and sought actual and punitive

damages, alleging the City violated the automatic stay. *See Cordova*, First Am. Compl. (Adv. Dkt.

1), ¶¶ 5, 20, 29.  The Complaint was subsequently amended to assert class action allegations. *Id.*,

Ninth Am. Compl. (Adv. Dkt. 113), ¶¶ 72-83; *Id.*, Tenth Am. Compl. (Adv. Dkt. 155), ¶¶ 68-80.

For purposes of Fed. R. Civ. P. 23 (made applicable in adversary proceedings by Fed. R.

Bankr. P. 7023), the Tenth Amended Complaint in *Cordova* defined the class as:

> All persons whose motor vehicles were impounded by the City of Chicago under
> Chicago Municipal Code Chapter 9-100, *et seq*, during the period of January 1, 2016
> to June 19, 2019, who filed a Chapter 13 bankruptcy case in the United States
> Bankruptcy Court for the Northern District of Illinois during the aforesaid period, and
> who were thereby deprived by City of Chicago of the use or possession of their motor
> vehicle after demand for release.

*Cordova*, Tenth Am. Compl. (Adv. Dkt. 155), ¶ 69.

In *Cordova*, the Plaintiff-Debtor in this case filed a Motion to Sever and Transfer the Case

("Motion to Sever"), asserting he was not a member of the proposed class and could not receive class

---

[5] The case was dismissed upon the Court's Order granting the Chapter 13 Trustee's Motion to Dismiss for
unreasonable delay. *See* Order (Ch. 13 BK Dkt. 49); Mot. to Dismiss (Ch. 13 BK Dkt. 47).

[6] On November 2, 2022, after the case was dismissed and closed, Charles A. King from the Chicago Department of
Law filed an appearance on behalf of the City of Chicago. *See* Appearance (Ch. 13 BK Dkt. 53).

relief, since during discovery he learned the City disposed of his 1996 Dodge Ram after his Chapter 7 discharge but before his Chapter 13 filing, so he lacked an ownership interest in the vehicle at the time of his Chapter 13 filing. *Id.*, Motion to Sever (Adv. Dkt. 296), ¶¶ 3-5 (citations omitted). In that motion, he argued that the City's "permanent deprivation" of the vehicle violated his rights under § 362, and he desired to resolve the merits of his claim "without the delay of awaiting class certification" and any potential appeal from a ruling on class certification. *Id.*, ¶ 6 (citations omitted). On October 20, 2022, the court granted the Motion to Sever. *Cordova*, Order (Adv. Dkt. 351).

On December 22, 2022, the Plaintiff-Debtor filed the instant Adversary Proceeding No. 22-00206 in the closed Chapter 7 bankruptcy case, without re-opening it, individually and as a class action, asserting the City violated 11 U.S.C. §§ 362(a)(2) and (a)(6) when it refused the demands of Chapter 7 debtors for the return of their impounded vehicles after filing for bankruptcy relief. *See* Compl. (Adv. Dkt. 1), *Jones v. City of Chi.*, Adv. No. 22-00206 (*In re Jones*), Ch. 7 Case No. 16-26076 (Bankr. N.D. Ill. filed Dec. 22, 2022) (hereinafter "*Jones*") (citations omitted).[7]

On March 20, 2023, after the City filed a motion to dismiss, the Plaintiff-Debtor amended the complaint, again asserting individual and class claims against the City and seeking actual and compensatory damages for the City's alleged stay violations. *Jones*, First Am. Compl. (Adv. Dkt. 17), ¶¶ 18-57. The Plaintiff-Debtor admits that "[i]mmediately after plaintiff's filing of his [chapter 7] bankruptcy case, Defendant City offered to turnover the impounded vehicle to the Chapter 7 Trustee . . . . ," but the "Chapter 7 Trustee declined the City's offer of turnover of plaintiff's

---

[7] Unless otherwise specified, all references to the "Adv. Dkt." from hereon in this opinion refer to pleadings and documents filed in *Jones v. City of Chi.*, Adversary Proceeding No. 22-00206 (Bankr. N.D. Ill. filed Dec. 22, 2022).

impounded vehicle because such property was of inconsequential value or benefit to the estate." *Id.*, ¶ 14. However, he asserts that when the Chapter 7 Trustee declined the City's turnover offer, the vehicle was presumptively abandoned, and thus it became property of the Plaintiff-Debtor. *Id.*, ¶ 50.

In the First Amended Complaint, the Plaintiff-Debtor alleges, individually and on behalf of a class of plaintiffs, the City violated the stay due to (1) its acts taken to enforce pre-petition judgments of vehicle impoundment (§ 362(a)(2)); (2) its acts taken against the Debtor's property (e.g., keeping the impounded vehicle after the Trustee declined the turnover offer) (and property of class members) to enforce liens that purport to secure pre-petition claims (§ 362(a)(5)); and (3) its acts taken to "collect assess, or recover" pre-petition claims against the Plaintiff-Debtor and others (§ 362(a)(6)). *Id.*, ¶¶ 45-54. He also argues the City violated § 554(c) by refusing to abandon impounded vehicles to the Debtor and the class members after their Chapter 7 cases were closed, again relying on the theory that the Chapter 7 Trustees abandoned the vehicles and they then became the debtors' property. *Id.*, ¶¶ 55-57.

Like the *Cordova* plaintiffs, Mr. Jones relies on a private right of action to proceed under § 362(k). Am. Compl. (Adv. Dkt. 17), ¶ 7. He defines the class under Fed. R. Civ. P. 23 as:

> All persons whose motor vehicles were impounded by the City of Chicago under City of Chicago Municipal Code §§ 9-100-120 or 2-14-132, other than for a drug use-related offense, between May 15, 2012 to the present, who filed a Chapter 7 bankruptcy case in the United States Bankruptcy Court for the Northern District of Illinois during the period of impoundment, who demanded the release of their vehicle after filing their petition for voluntary bankruptcy, and who were deprived by City of Chicago of the use or possession of their motor vehicle after the demand for release was made.

First Am. Compl. (Adv. Dkt. 17), ¶ 34.

### III. Discussion

In this Motion to Dismiss, the City argues that the adversary complaint should be dismissed (1) for lack of subject matter jurisdiction because the Debtor lacks standing to assert stay violations or abandonment claims as to the vehicle and (2) for failure to state a claim upon which relief can be granted. *See* Mot. to Dismiss (Adv. Dkt. 20), p. 1, ¶ 20-22 (citing Fed. R. Civ. P. 12(b)(1), (b)(6); Fed. R. Bankr. P. 7012(b)). The City disputes the Debtor's abandonment theory. *Id.*, ¶ 2. It argues to the contrary that the Trustee did not abandon the impounded vehicle during the pendency of the chapter 7 case; the vehicle remained property of the estate and the Debtor had no interest in it. *Id.*

### A. Failure to Reopen and Potential for Judge Shopping

First, the case has not been formally re-opened. Bankruptcy Code § 350 provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350. This case was closed in 2016. Section 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other reasons." 11 U.S.C. § 350(b).

A motion to re-open would have provided due process to the Debtor's creditors, including the City of Chicago, and the Trustee.

Additionally, the Adversary Proceeding has been filed before this court in a manner that may amount to judge shopping. The complaint mentions that the City has claimed a possessory lien against the motor vehicle pursuant to the common law. *Jones*, First Am. Compl. (Adv. Dkt. 17), ¶ 11; *see also Ally Fin., Inc. v. Pira*, 2017 IL App (2d) 170213, ¶¶ 40-46, 96 N.E.3d 61, 69-71 (Ill. App. 2017). The complaint then argues that the City's claim of a possessory lien was invalid under Illinois law because it did not secure payment for services or materials furnished with respect to

-7-

goods by a person in the ordinary course of business, that it was not created by statute or rule of law and that its effectiveness did not depend on the City's possession of any goods. First Am. Compl. (Adv. Dkt. 17), ¶ 12. In his response to the motion to dismiss, the Debtor argues because the City did not have a valid lien, it was in effect a "mere converter" of the Debtor's vehicle. Response (Adv. Dkt. 24), p. 14.

The complaint alleges that despite receiving notice of the Debtor's Chapter 7 case and his demand for release of the motor vehicle, the City refused to release it and instead demanded payment on the Debtor's pre-petition debt as a condition of release of the vehicle. First Am. Compl. (Adv. Dkt. 17), ¶ 13. The complaint also alleges that the City acted without leave or approval from the Bankruptcy Court. *Id.* According to *Fulton*, however, generally the City did not have an obligation to turn the vehicle over. *See City of Chi. v. Fulton*, 592 U.S. 154, 161-62, 141 S. Ct. 585, 591-92, 208 L. Ed. 2d 384 (2021).

In 2018, this court ruled in *In re Howard* that the City of Chicago did not have a possessory lien under Illinois law and that the City of Chicago willfully violated the automatic stay by refusing to return to the debtor a vehicle the City impounded pre-petition.[8] The Seventh Circuit Court of Appeals affirmed that ruling without addressing whether the City had a possessory lien. *See In re Fulton*, 926 F.3d 916, 920 (7th Cir. 2019). The U.S. Supreme Court vacated the Seventh Circuit's ruling in 2021. *See City of Chi. v. Fulton*, 592 U.S. at 161-62, 141 S. Ct. at 592 (clarifying the scope of § 362(a)(3)).

---

[8] *See* 584 B.R. 252, 257-58 (Bankr. N.D. Ill. 2018), *aff'd sub nom. In re Fulton*, 926 F.3d 916 (7th Cir. 2019), *vacated & remanded sub nom. City of Chi. v. Fulton*, 592 U.S. 154, 141 S. Ct. 585, 208 L. Ed. 2d 384 (2021), *and vacated & remanded sub nom. In re Fulton*, 843 F. App'x 799 (7th Cir. 2021).

-8-

The Seventh Circuit did not address this court's ruling that the City did not have a possessory lien under Illinois law. The Supreme Court did not rule on that issue either.

Adversary Proceeding No. 22-00206 may be an effort to get a federal court to determine whether Illinois law allows the City of Chicago to claim a possessory lien. By filing this claim in a bankruptcy case assigned to a judge who has previously ruled the City does not have a possessory lien, may amount to judge shopping.

Possessory liens generally allow a creditor to retain possession of collateral until payment of an underlying debt. Illinois law at 810 ILCS 5/9-333 states that a possessory lien is one which secures payment or performance of an obligation for services or materials furnished with respect to goods by a person in the ordinary course of the person's business. The lien is created by statute or rule of law in favor of the person; its effectiveness depends on the person's possession of the goods. This court ruled that "[t]he City of Chicago does not have a possessory lien as it has not supplied the Debtor with goods or services and it does not cite to a statute or rule of law in its favor." *In re Howard*, 584 B.R. at 255.

Our court assigns cases randomly amongst its judges. Allowing a party to proceed on such an important issue by filing a lawsuit in a closed bankruptcy case initially assigned to this judge, who favors its interpretation of Illinois possessory lien law, would circumvent the random assignment of cases and allow parties to select the judge who will hear their matters. *See* Nov. 14, 2023 Hr'g Tr., p. 26 (Debtor's attorney arguing that under *In re Howard*, the City was a "mere converter" of the Debtor's impounded vehicle). This could start a terrible practice, undermining our policy of assigning cases randomly.

-9-

Moreover, since the Plaintiff-Debtor's complaint raises issues under Illinois law, including the validity of the City's lien under Illinois law and conversion of the vehicle, state court may have been a more appropriate forum had he brought the action there in a timely manner. First Am. Compl. (Adv. Dkt. 17), ¶¶ 11-12; *see* 735 ILCS 5/13–205 (Illinois' five-year statute of limitations for, *inter alia*, actions to recovery damages for an injury to personal property, damages for the detention or conversion of personal property, and all civil actions not otherwise provided for . . . .").

The adversary proceeding will be dismissed with prejudice because the case was not reopened under 11 U.S.C. § 350(b) and because allowing it to proceed would amount to judge shopping.

### B. Standing and Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a claim for lack of subject matter jurisdiction. *See Cmty. Banc Mortg. Corp. v. N. Salem State Bank*, No. 15-3051, 2017 WL 2371747, at *2 (C.D. Ill. May 31, 2017) (citing Fed. R. Civ. P. 12(b)(1)). "A federal court's jurisdiction is limited to 'Cases' and 'Controversies,' and no case or controversy exists if the plaintiff lacks standing." *Id.* (citing U.S. Const., Art. III, § 2; *Johnson v. U.S. Office of Pers. Mgmt.*, 783 F.3d 655, 660 (7th Cir. 2015)). When considering a motion to dismiss under Rule 12(b)(1), a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *See Alicea-Hernandez v. Cath. Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). If the defendant factually challenges standing, the court may look beyond the allegations in the complaint and view whatever evidence has been submitted to determine whether subject-matter jurisdiction exists. *Id.* (citation omitted). The plaintiff has the burden to establish standing by a preponderance of the evidence. *Cmty. Banc Mortg. Corp.*, 2017 WL 2371747 at *2

-10-

(citations omitted).

The City alleges there is no subject matter jurisdiction because the Debtor lacks standing to assert stay violations, abandonment claims, or turnover as to the vehicle. Mot. to Dismiss (Adv. Dkt. 20), ¶¶ 20, 38. The City asserts the Plaintiff-Debtor lacks standing to assert the stay violation claims, since he does not allege he (or the other plaintiffs) had an interest in the vehicle by claiming an exemption or that the vehicle was abandoned prior to the closure of the Chapter 7 case. *Id.*, ¶ 20. Thus, the vehicle remained property of the estate for as long as the stay was in effect. *Id.*

The court has to determine whether this chapter 7 debtor has standing to pursue claims for violation of the automatic stay based on actions taken against the vehicle when he did not claim it as exempt. To determine whether the Debtor has standing, the court must first look to the Bankruptcy Code's provisions on property of the estate, abandonment, and turnover.

The filing of the bankruptcy petition creates an estate (the "property of the estate") that, with some exceptions, includes "all legal or equitable interests of the debtor in property as of the commencement of the case." *See City of Chi. v. Fulton*, 592 U.S. at 156, 141 S. Ct. at 589 (citing 11 U.S.C. § 541(a)(1)); *In re Trujillo*, 485 B.R. 238, 244 (Bankr. D. Colo. 2012) (citations omitted). Here, the bankruptcy estate included the vehicle that was seized pre-petition because the debtor still held an interest in it on the petition date. *See In re Trujillo*, 485 B.R. at 244 (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 210-11 (1983)); *Willoughby v. City of Chi.*, No. 15-CV-5373, 2016 WL 11811372, at *1-2 (N.D. Ill. Feb. 19, 2016) (reasoning that the chapter 7 debtor's vehicle that was seized pre-petition was property of the estate).

"Property ceases to be property of the estate when: (1) it revests in the debtor at confirmation of a plan of reorganization; (2) it is abandoned by the chapter 7 trustee in compliance with § 554;

-11-

and/or (3) once the property becomes exempt property." *In re Trujillo*, 485 B.R. at 245.  For the reasons explained below, the court finds that even when accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the Plaintiff-Debtor's favor, he has not met his burden to show he has standing by a preponderance of the evidence. *Cmty. Banc Mortg. Corp.*, 2017 WL 2371747 at *2.  The court finds the Plaintiff-Debtor lacks standing because he did not claim the vehicle in question as exempt and the vehicle was not abandoned back to him.  The City had a pre-petition lien on the vehicle, which the Plaintiff-Debtor did not timely assert was invalid; the lien survived his chapter 7 bankruptcy discharge.  Thus, Counts I (§ 362(a)(2)), II (§ 362(a)(5)), III (§ 362(a)(6)), and IV (§ 554(c)) are dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(1), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012(b), because the Plaintiff-Debtor lacked standing.

### 1. Claim of Exemption

"[P]roperty that the debtor claims is exempt does not cease being property of the estate until the exemption is allowed or until the time for making objections expires." *Wells Fargo Bank, N.A. v. Jimenez*, 406 B.R. 935, 942 (D.N.M. 2008) (citing *In re Villegas*, 364 B.R. 781, 785 (Bankr. D.N.M. 2007)); *see also* Fed. R. Bankr. P. 4003; *In re Trujillo*, 485 B.R. at 245.  After the deadline for objecting to a claimed exemption passes or an objection is filed but is overruled, "the exemption becomes final and the property ceases to be 'property of the estate.' It then reverts to its pre-bankruptcy status as 'property of the debtor.'" *In re Trujillo*, 485 B.R. at 245 (citations omitted); 11 U.S.C. § 522(l); Fed. R. Bankr.P. 4003(b)(1).

Many courts have held that a claim of exemption does not confer standing on a chapter 7 debtor to assert violations of the automatic stay.  *In re Cook*, No. BAP NM-11-082, 2012 WL

1356490, at *9 (B.A.P. 10th Cir. Apr. 19, 2012), *aff'd*, 520 F.App'x 697 (10th Cir. 2013); *Wells Fargo Bank, N.A. v. Jimenez*, 406 B.R. at 940-43, 949 (reversing the bankruptcy court's ruling that the chapter 7 debtor had standing based on a creditor's denial of her access to funds she claimed as exempt); *In re Young*, 439 B.R. 211, 213, 219-20 (Bankr. M.D. Fla. 2010) (finding a chapter 7 debtor lacked standing to assert stay violations after creditor placed an administrative freeze on his bank accounts prior to allowance of the exemption); *In re Bucchino*, 439 B.R. 761, 770-72 (Bankr. D.N.M. 2010), *aff'd sub nom. Bucchino v. Wells Fargo Bank, N.A.*, No. CV 10-1177 BB/CG, 2011 WL 13284466 (D.N.M. Sept. 14, 2011) (holding a chapter 7 debtor lacked standing to assert automatic stay violations due to an administrative freeze on his bank accounts claimed as exempt because the time to object to the claimed exemption had not yet expired). *But see In re Moreira*, 173 B.R. 965, 973 (Bankr. D. Mass. 1994) (holding a chapter 7 debtor had standing to oppose setoff or oppose creditor's stay relief motion to the extent she could claim an exemption).

Similar to this case, in *Willoughby v. City of Chicago*, the district court addressed a chapter 7 debtor's standing to bring stay violation claims, the impact of claiming property as exempt, and the City's turnover obligation under § 542(a), which will be discussed more below. *See Willoughby*, No. 15-CV-5373, 2016 WL 11811372, at *1-2 (N.D. Ill. Feb. 19, 2016). In that case, the chapter 7 debtor asked the City to return his vehicle that was repossessed pre-petition, presenting evidence of the bankruptcy filing, but the City refused to return the vehicle without the chapter 7 trustee's approval. *Id.* at *1. The debtor filed a Rule to Show Cause against the City, which the court interpreted as a request for sanctions for stay violations. *Id.* The court denied the motion, finding it had not yet been established whether the vehicle was exempt (since the trustee had not determined its value yet) and "Chicago had acted in accordance with its legal obligations." *Id.* On appeal, the

district court noted that it was "uncertain" whether the debtor "even has standing to bring this claim." *Id.* at *1 n.1.[9]

In affirming the bankruptcy court's decision, the district court reasoned that assuming the debtor had standing, he had not offered evidence showing that when he filed the motion, the vehicle had been exempted or he had claimed it as exempt from the bankruptcy estate. *Id.* at *1 (citing Fed. R. Bankr. P. 4003; *In re Cook*, 2012 WL 1356490, at *6). The other portion of the court's rationale related to turnover under § 542, which will be discussed more later in this opinion.

In *In re Trujillo*, the court had a broader view of standing. *See* 485 B.R. at 252. That case involved a law firm's alleged violation of the automatic stay by refusing to turn over garnished pre-petition wages received post-petition after being told of the bankruptcy. *Id.* at 242-44. The bankruptcy court held the chapter 7 debtor had standing to seek sanctions attributable to the stay violation even though the Debtor had no exemption in the funds. *Id.* at 242-43, 252-55. The court ruled that "[i]f a violation of the automatic stay causes an injury to either a particular creditor or to a debtor's breathing spell, that injury should be sufficient to confer standing." *Id.* at 252.

Here, however, the Debtor did not bring the issue of his right to the vehicle before the bankruptcy court while his chapter 7 case was pending. It could have resolved that issued in 2016. *See e.g., Willoughby*, 2016 WL 11811372, at *1 (finding the City's continued possession of a chapter

---

[9] The district court summarized other courts' findings regarding chapter 7 debtors' standing to pursue stay violations:
> *Compare In re Cook*, Nos. NM-11-082, 04-17704, 2012 WL 1356490, at *6 (B.A.P. 10th Cir. Apr. 19, 2012) (claimed exemptions do not confer standing upon a Chapter 7 debtor to pursue stay violations involving property claimed to be exempt); *In re Young*, 439 B.R. 211, 218 (Bankr. M.D. Fla. 2010) (holding that a Chapter 7 debtor lacked standing to pursue claims for stay violations because the debtor could not establish an injury in fact); *In re Bucchino*, 439 B.R. 761, 771 (Bankr. D.N.M. 2010) (recognizing that in Chapter 7 bankruptcies only the trustee has standing to assert stay violations) *with In re Mwangi*, 432 B.R. 812, 822–23 (B.A.P. 9th Cir. 2010) (holding that the right to claim exemptions in property of the estate bestows standing on debtors to pursue claims for stay violations).

*Willoughby*, 2016 WL 11811372, at *1 n. 1.

-14-

7 debtor's impounded vehicle, which the trustee had not authorized the City to release and which the debtor did not establish was exempt, did not violate the stay).

The Debtor did not claim an exemption in the vehicle, and thus would lack standing even under the view that a claimed exemption may confer standing on a chapter 7 debtor. *See, e.g., In re Moreira*, 173 B.R. at 973.

In his response, the Debtor relies on *Morlan* to assert that he has standing herein. *See* Response (Adv. Dkt. 24), pp. 8-9 (citing *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 619-20 (7th Cir. 2002)). In *Morlan*, before filing for chapter 7 bankruptcy, a debtor brought a class action against insurance companies asserting they violated ERISA, a claim which he had not scheduled in his bankruptcy case. *See* 298 F.3d at 613-14, 618. After receiving a discharge and having his chapter 7 case dismissed, the district court certified the suit as a class action with the debtor as the only named plaintiff. *Id.* at 613-14. Upon learning of the debtor's bankruptcy, the district court decertified the class in the ERISA suit and dismissed the case without prejudice, reasoning the debtor's ERISA claim became an asset of the bankruptcy estate and was not abandoned by the trustee, so that when the class was certified, the named plaintiff (the debtor) lacked standing, since he did not own the claim he was suing on. *Id.* at 614. On appeal, the Seventh Circuit reversed, finding the dismissal of the ERISA suit was improper because Morlan's claim was in part a claim for non-assignable pension benefits, which Morlan (not the trustee) was entitled to sue to enforce. *Id.* at 618-19. As to the assignable portion of the claim, the court found dismissal of the ERISA lawsuit was improper because although the trustee's abandonment claim was ineffective under § 554 of the Bankruptcy Code, the steps the trustee took to abandon the claim would suffice to establish abandonment under the ordinary property law principles applicable to abandonment, and the

-15-

Bankruptcy Code provisions regarding abandonment were meant to protect creditors, none of whom objected or were complaining. *Id.* at 618-21.

The court finds *Morlan* is distinguishable and that it does not help the Plaintiff-Debtor, given that it involved the unique context of ERISA rights, a portion of which were non-assignable.

### 2. Duty to Turn Over Property of the Estate

Section 542(a), the turnover statute, states that "any entity, other than a custodian of property that the trustee may use, sell or lease under section 363 . . . or that the debtor may exempt under section 522 . . . shall deliver to the trustee, and account for, such property or the value" thereof, "unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a); *see also City of Chi. v. Fulton*, 592 U.S. at 157, 141 S. Ct. at 589 (analyzing § 542).

In *Willoughby v. City of Chicago*, the debtor filed a Rule to Show Cause (interpreted as a request for sanctions for stay violations) against the City for its failure to return his vehicle, which was repossessed pre-petition; the City refused to return the vehicle without the chapter 7 trustee's approval. *See* 2016 WL 11811372, at \*2. In denying the motion, the bankruptcy court reasoned that "Chicago had acted in accordance with its legal obligations." *Id.* In affirming the bankruptcy court's decision, the district court reasoned in part that even if the vehicle was exempt, the court did not err in concluding Chicago's continued possession of the vehicle did not constitute a stay violation because § 542(a) requires those in possession of bankruptcy estate property that the debtor may exempt to deliver said property to the trustee, and the evidence showed that although the trustee did not ask the City to continue to hold the vehicle, the trustee had not authorized the City to release it. *Id.* at \*2 (citing 11 U.S.C. § 542).

In *In re Zarco*, pre-petition, after his bank account with Chase Bank was frozen and a creditor

placed a levy on it, a chapter 7 debtor filed various motions alleging the creditor violated the automatic stay by failing to release the levy, seeking damages from the creditor and Chase, in an attempt to compel the creditor and Chase to release the levy. *See* 507 B.R. 247, 248-49 (Bankr. N.D. Ill. 2014). The court reasoned that upon debtor's filing, the funds in the account became property of the estate and under § 542(a), "Chase had a duty to turn the funds over to the chapter 7 trustee, not the debtor." *Id.* at 251-52 (citations omitted). The court stated that "[h]ad Chase turned over the account's funds to anyone other than the trustee, it would be liable to the bankruptcy estate for turning over the funds to the wrong entity." *Id.* at 251 (citing 11 U.S.C. § 542(a)).

Similarly, in *Yoon v. Minter–Higgins*, a bank paid checks that the debtor wrote pre-petition that were not charged to the debtor's account until after the petition date. 399 B.R. 34, 36-37 (N.D. Ind. 2008). The court found that under § 542(a) the chapter 7 trustee was entitled to recover from the debtor the value of the funds that were in her account on the petition date. *Id.* at 43-44 (citing 11 U.S.C. § 542(a); *In re Dybalski*, 316 B.R. 312, 315-17 (Bankr. S.D. Ind. 2004)).

Relying on *Willoughby*, the City argues that "[t]urnover is a right which the Bankruptcy Code expressly reserves to chapter 7 trustees in section 542." Mot. to Dismiss (Adv. Dkt. 20), ¶ 38 (citing *Willoughby*, 2016 WL 11811372, at *2). The City also argued that if it gave the car to the Debtor during the bankruptcy case, it would have been liable to the Trustee for giving the vehicle to the wrong party. Nov. 14, 2023 Hr'g Tr., p. 6.

The court finds the City's argument is valid. Had the City given the car to the Debtor during the bankruptcy case, it could have been liable to the Trustee for turnover under § 542(a). *See In re Zarco*, 507 B.R. at 251.

### 3. Duty to Reaffirm, Redeem or Surrender Property of the Estate

The court does not disagree with the reasoning of other courts that have found chapter 7

debtors may continue to use estate property during the bankruptcy case. For instance, in *In re*

*Trujillo*, the court reasoned that "[i]n reality, chapter 7 debtors continue to use property of the estate

post-petition," such as their home, clothes, car, or televisions. *See* 485 B.R. at 249. That court

interpreted the chapter 7 debtor's "surrender" obligation under 11 U.S.C. § 521(a)(4) to mean

"something different than actual delivery." *Id.*[10] However, the Plaintiff-Debtor herein did not have

possession of the vehicle at issue when the case was filed or while it was pending, so these cases do

not help him.

Section 521(a)(2) provides that if a debtor's "schedule of assets and liabilities includes debts

which are secured by property of the estate," within 30 days of the petition date of the chapter 7 case

or before the meeting of creditors, whichever is earlier, the debtor shall file a "statement of his

intention with respect to the retention or surrender of such property and, if applicable, specifying that

such property is claimed as exempt, that the debtor intends to redeem such property, or that the

debtor intends to reaffirm debts secured by such property . . . ." 11 U.S.C. § 521(a)(2)(A). The

problem here is that the Debtor did not redeem or reaffirm the debt.

Official Form 108 is the Statement of Intention for individuals filing under chapter 7. The

Debtor was required to fill it out because a creditor, the City, had a claim secured by the 1996 Dodge

Ram. The Debtor stated therein that he would surrender the vehicle and retain it or "surrender in lieu

of credit toward debt." Official Form 108: Statement of Intention for Individuals Filing Under

---

[10] Section 521(a)(4) states that the debtor shall "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title . . . ." 11 U.S.C. § 521(a)(4).

-18-

Chapter 7 (BK Dkt. 1), p. 59. He also stated therein that he claimed the vehicle as exempt, although his Schedule C: The Property You Claim as Exempt, Official Form 106 C, does not list the vehicle. Schedule C (BK Dkt. 1), p. 23.

As to secured claims, a chapter 7 debtor has to redeem, reaffirm, or surrender the collateral. 11 U.S.C. § 521(a)(4). Since the vehicle was not redeemed or reaffirmed, and the debtor stated an intention to surrender it, it was surrendered. *See In re Perez*, 638 B.R. 248, 250 (Bankr. S.D. Fla. 2022) ("Where debtors state an intention to surrender a property interest, they surrender their interest to the chapter 7 trustee, 11 U.S.C. § 521(a)(4), who can either abandon or administer the interest."); *Cf. Bank of New York Mellon as Tr. for Certificate Holders of CWABS, Inc., Asset-Backed Certificates, Series 2005-4 v. Rodriguez*, 2020 IL App (2d) 190143, ¶¶ 22-24, 165 N.E.3d 431, 437-39 (Ill. App. 2020) (affirming a lower court decision finding that debtors who indicated an intent to surrender their encumbered property in bankruptcy could not contest a foreclosure action six years after they received a bankruptcy discharge). "Surrender" in § 521 does not always require physical delivery of the property to the chapter 7 trustee. *In re Ware*, 533 B.R. 701, 708 (Bankr. N.D. Ill. 2015) (citing *In re Cornejo*, 342 B.R. 834, 835-36 (Bankr. M.D. Fla. 2005); *In re Kasper*, 309 B.R. 82, 91 (Bankr. D.D.C. 2004)). Other courts have reasoned "[t]he legislative history [of § 521] does not support an interpretation of the term surrender as requiring a debtor to physically deliver actual possession of the collateral to the creditor's place of business when it is not feasible." *In re Cornejo*, 342 B.R. at 836. To comply with the requirements of surrender in § 521(a)(4), the debtor must allow the trustee to "administer the property" and not interfere with the processes for administration of that property as property of the estate. *In re Ware*, 533 B.R. at 708 (citing *In re Kasper*, 309 B.R. at 91).

To determine whether checking the surrender box in the statement of intention should prevent

-19-

debtors from taking action to regain the property, some courts have applied a fact-specific analysis and consider whether debtors' post-bankruptcy conduct, such as remaining current on their mortgage payments post-bankruptcy, results in a waiver of their surrender, at least in the foreclosure context. *Fed. Nat'l Mortg. Ass'n v. Alarcon*, No. 19-CV-5079 (ARR), 2020 WL 3104034, at *5 (E.D.N.Y. June 11, 2020) (citing *In re Ayala*, 568 B.R. 870, 873-74 (Bankr. M.D. Fla. 2017). Here, there is no indication the Debtor paid the tickets on the vehicle or took any other action inconsistent with surrender for six years after the bankruptcy case was closed.

### 4. Abandonment under § 554(c)

Under § 554, there are three methods by which property of the estate may be abandoned. *See In re Cook*, 2012 WL 1356490, at *5 (citing 11 U.S.C. § 554); *see also In re Morlan*, 298 F.3d at 618 (citing 11 U.S.C. §§ 521(1), 554(a)-(d)). Property that is "burdensome to the estate or that is of inconsequential value" may be abandoned in two ways: (1) "after notice and a hearing, the trustee may abandon [said] property . . . ." or (2) upon a party in interest's "request," "after notice and a hearing," the "court may order the trustee to abandon . . . ." said property. *See* § 554(a)-(b). In addition, § 554(c) provides "[u]nless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered *at the time of the closing of a case* is abandoned to the debtor and administered for purposes of section 350 of this title." 11 U.S.C. § 554(c) (emphasis added). Section 554(d) provides that "[u]nless the court orders otherwise, property of the estate that is not abandoned under this section and is not administered in the case remains property of the estate." § 554(d). Section 350 states that "[a]fter an estate is fully adminsitered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350.

"Where property is of inconsequential value to the estate, abandonment under § 554, rather

-20-

than sale under § 363, is the proper course." *In re Rambo*, 297 B.R. 418, 433 (Bankr. E.D. Pa.

2003). However, in *Rambo*, the court explained how property of inconsequential value is handled

by chapter 7 trustees in practice:

> In reality, rather than file § 554 motions, most trustees simply do not administer (i.e.,
> seek to sell) such property, leaving the abandonment to occur at the closing of the
> case, § 554(c), absent a motion by some party in interest to compel abandonment, §
> 554(b), or a secured creditor for relief from the automatic stay under § 362(d).

*In re Rambo*, 297 B.R. at 433 n.23.

Where there is no court order directing abandonment and unless the court orders otherwise,

the language of § 554(c) "deems abandoned to the debtor *any* scheduled property of the estate that

is unadministered at the close of the case." 5 COLLIER ON BANKRUPTCY § 554.02[7] (Richard Levin

& Henry J. Sommer eds., 16th ed. 2023) (hereinafter "COLLIER ON BANKRUPTCY (16th ed. 2023)")

(citing 11 U.S.C. § 554(c); *Neveille v. Harris (In re Neville)*, 192 B.R. 825, 829 (D.N.J. 1996); *Figlio

v. Am. Mgmt. Servs., Inc. (In re Figlio)*, 193 B.R. 420, 421-23 (Bankr. D.N.J. 1996)). Hence, "[a]n

asset that has been scheduled and not challenged by the trustee is deemed abandoned by the trustee

by operation of law upon the case being closed." *In re Bell*, 179 B.R. 129, 130 (Bankr. E.D. Wis.

1995) (citing 11 U.S.C. § 554(c); 4 COLLIER ON BANKRUPTCY § 554.02(5) (15th ed. 1994)).

Property abandoned under § 554 "ceases to be part of the estate" and generally, it "reverts

to the debtor and stands as if no bankruptcy petition was filed." *In re Dewsnup*, 908 F.2d 588, 590

(10th Cir. 1990), *aff'd sub nom. Dewsnup v. Timm*, 502 U.S. 410, 112 S. Ct. 773, 116 L. Ed. 2d 903

(1992) (citations omitted); *see also Morlan*, 298 F.3d at 617 (citations omitted). "Following

abandonment, 'whoever had the possessory right to the property at the filing of the bankruptcy again

reacquires that right.'" *In re Dewsnup*, 908 F.2d at 590 (citing *In re Dewsnup*, 87 B.R. 676, 681

-21-

(Bankr. D. Utah 1988)); *see also In re Popp*, 166 B.R. 697, 700 (Bankr. D. Neb. 1993) (citing *Brown v. O'Keefe*, 300 U.S. 598, 602, 57 S.Ct. 543, 546, 81 L.Ed. 827 (1937); *Wallace v. Lawrence Warehouse Co.*, 338 F.2d 392, 394 n.1 (9th Cir. 1964)). Normally the party who had the possessory right to the property at the filing of the bankruptcy case is the debtor, but "a creditor may be entitled to possession if, by the exercise of its contractual or other rights, it held a possessory interest prior to the filing of bankruptcy." *In re Cruseturner*, 8 B.R. 581, 591 (Bankr. D. Utah 1981). Courts have held that abandonment should be to the party with the superior possessory interest. *In re Popp*, 166 B.R. at 700.

Here, abandonment was not accomplished under § 554(a) or (b). The Chapter 7 Trustee did not give the requisite notice of a proposed abandonment; there was no opportunity for a hearing. The Plaintiff-Debtor did not file a motion requiring the Chapter 7 Trustee to abandon the vehicle and, since no motion was filed, he did not meet Bankruptcy Rule 6007(b)'s notice and service requirements. *See* Fed. R. Bankr. P. 6007. The only way abandonment could be accomplished here is under § 554(c).

The Plaintiff-Debtor argues he had the right to possess the vehicle at the end of the case. First Am. Compl. (Adv. Dkt. 17), ¶ 15. Specifically, he argues the Chapter 7 Trustee permitted him "to retain the right to use and possess the impounded vehicle pending further proceedings in the bankruptcy case," since the Chapter 7 Trustee declined the City's turnover offer due to its inconsequential value and "did not demand surrender or turnover of the impounded vehicle . . . ." by the Debtor. First Am. Compl. (Adv. Dkt. 17), ¶ 15. The City argues § 554(c) does not impose an "affirmative duty" upon parties holding property of the estate to abandon such property to the debtor (as the Plaintiff-Debtor asserts), regardless of whether the title reverted to the Plaintiff-Debtor

-22-

upon the conclusion of the chapter 7 case and regardless of whether he contests the validity of the

City's lien.  Reply (Adv. Dkt. 29), ¶ 30.

The court finds the fact the Trustee declined the City's turnover offer and did not demand

surrender or turnover of the vehicle does not mean that the Trustee allowed the Debtor to use and/or

possess the vehicle.  Under § 521(a)(4), the Plaintiff-Debtor had a duty to "surrender" property of

the estate, including the vehicle, to the Chapter 7 Trustee, which required the Debtor to relinquish

his rights in the property to the Trustee and cooperate with the Trustee's efforts to take possession

of the property if the Trustee had chosen to do so.  4 COLLIER ON BANKRUPTCY § 521.16 (16th ed.

2023).

The vehicle was abandoned by operation of law on the date the case was closed, November

14, 2016, under § 554(c).  *See* Discharge Order (BK Dkt. 20); 11 U.S.C. §§ 350(a), 554(c).

Following abandonment, the City and the Plaintiff-Debtor were returned to their pre-petition status

with respect to their rights to the property; the City had possession because it had claimed a

possessory lien against the vehicle.  *See Jones*, First Am. Compl. (Adv. Dkt. 17), ¶ 11; *In re*

*Cruseturner*, 8 B.R. at 591.  As explained further below, at the time the case was closed, the City

had possession and may not have been required to return the vehicle to the debtor.

### 5. Liens "ride through" bankruptcy

Where, as here, a chapter 7 debtor obtains a discharge under § 727, the debtor is released

from personal liability (*in personam*) for debts that are deemed dischargeable under the bankruptcy

code.  *See* 11 U.S.C. § 727(a)-(b) (explaining a discharge under the bankruptcy code); § 523

(explaining which debts are non-dischargeable).  However, "a discharge in bankruptcy, being

personal to the bankrupt, does not act as a release of liens or security interests in property owned by

him. Thus, a valid pre-filed lien is not extinguished by the discharge of debtors." *Farmers State Bank of Sherrard v. Hansen*, 196 Ill. App. 3d 295, 297, 553 N.E.2d 751, 753 (Ill. App. 1990) (citations omitted). Similarly, in *Johnson v. Home State Bank*, the Supreme Court stated that "[c]odifying the rule of *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), the [Bankruptcy] Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy."[11]

In *Johnson*, on the eve of foreclosure of a mortgage on his farm, the borrower filed for chapter 7 bankruptcy and obtained a discharge under § 727, but the court lifted the stay, and the bank obtained an *in rem* judgement in its favor. *See* 501 U.S. 78, 80, 111 S. Ct. 2150, 2152, 115 L. Ed. 2d 66 (1991) (citing 11 U.S.C. §§ 362 and 727). Before a foreclosure sale was scheduled to take place, the borrower filed for chapter 13 bankruptcy relief and sought to include the bank's mortgage lien in a reorganization plan. *Id.* at 80-81. The Supreme Court explained that when the debtor obtained a chapter 7 discharge under § 727, the Bankruptcy Court had "discharged the debtor from personal liability on his promissory notes to the Bank," but "[n]otwithstanding discharge, the Bank's right to proceed against petitioner [the debtor] *in rem* survived the Chapter 7 liquidation." *Id.* The court determined that a surviving mortgage interest was a "claim" under § 101(5) subject to inclusion in the Chapter 13 plan. *Id.* at 84-88 (citations omitted). This was because a bankruptcy discharge extinguished only "one mode of enforcing a claim," "an action against the debtor *in personam*," but left another mode of enforcing a claim, an action against the debtor *in rem*, intact. *Id.* at 84.

---

[11] *Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S. Ct. 2150, 2153, 115 L. Ed. 2d 66 (1991) (citing 11 U.S.C. § 522(c)(2); *Owen v. Owen*, 500 U.S. 305, 308–309, 111 S.Ct. 1833, 1835–1836, 114 L.Ed.2d 350 (1991); *Farrey v. Sanderfoot*, 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991); H.R. REP. No. 95–595, p. 361 (1977)).

Where a junior creditor's claim is secured by a lien and deemed allowed under § 502, a chapter 7 debtor cannot avoid the junior lien when the first priority liens are underwater. *Bank of Am., N.A. v. Caulkett*, 575 U.S. 790, 795, 135 S. Ct. 1995, 1999, 192 L. Ed. 2d 52 (2015) (citing *Dewsnup v. Timm*, 502 U.S. at 417, 112 S. Ct. at 778). The Supreme Court has defined a "secured claim" in § 506(d) "to mean a claim supported by a security interest in property, regardless of whether the value of that property would be sufficient to cover the claim." *Bank of Am., N.A. v. Caulkett*, 575 U.S. 790, 794, 135 S. Ct. 1995, 1999, 192 L. Ed. 2d 52 (2015).

The City's lien on the vehicle in question survived the Plaintiff-Debtor's chapter 7 bankruptcy discharge. *Farmers State Bank of Sherrard v. Hansen*, 196 Ill. App. 3d at 297, 553 N.E.2d at 753 (citations omitted). Perhaps, the Plaintiff-Debtor could have sought to avoid the City's lien or contested its validity in 2016, not six years later in 2022 when this adversary proceeding was filed.

### 6. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) provides that a party may assert by motion its defense that a complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (made applicable to adversary proceedings by Fed. R. Bankr. P. 7012).

Assuming that the City properly asserts that it has a possessory lien, the Plaintiff-Debtor has not stated a claim upon which relief can be granted because the City held a lien pre-petition. Recall that when a chapter 7 case closes, the parties revert to the situation as it existed when the case was filed, i.e., possession reverted to the lienholder. *See, e.g., In re Cruseturner*, 8 B.R. at 591; *In re Popp*, 166 B.R. at 700.

"To satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a), made

-25-

applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7008(a), the complaint must contain 'a short and plain statement showing the pleader is entitled to relief.'" *In re Republic Windows & Doors, LLC*, 460 B.R. 511, 519 (Bankr. N.D. Ill. 2011) (citing Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining whether dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate, the court will "view [the complaint] in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *In re Collum*, 649 B.R. 186, 193 (Bankr. N.D. Ill. 2023) (citing *Anchorbank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011)). The court will consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Id.* (citing *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)).

The party seeking dismissal bears the burden to establish "the legal insufficiency of the complaint" by a preponderance of the evidence. *See In re Collum*, 649 B.R. at 192-93 (citations omitted); *Moriarty ex rel. Teamsters Loc. Union No. 727 Health & Welfare Fund v. K&M Plastics, Inc.*, No. 03 C 7295, 2004 WL 1170000, at *1 (N.D. Ill. Feb. 6, 2004) (citing *Yeksigian v. Nappi*, 900 F.2d 101, 104-05 (7th Cir. 1990)); *Grogan v. Garner*, 498 U.S. 279, 286, 111 S. Ct. 654, 659, 112 L. Ed. 2d 755 (1991) (applying the preponderance-of-the-evidence standard in a bankruptcy proceeding).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Williams v. State Farm Mut. Auto. Ins. Co.*, 609 F.Supp.3d 662, 674 (N.D. Ill. 2022) (citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1937). To show the grounds of his entitlement to relief under Rule 12(b)(6), a "formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65. The allegations "must be enough to raise a right to relief above the speculative level." *Williams*, 609 F.Supp.3d at 674 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65). Only factual allegations, not mere legal conclusions, are entitled to the assumption of truth. *Id.* (citing *Iqbal*, 556 U.S. at 678-79).

Here, the Plaintiff-Debtor asserts the City violated his rights under 11 U.S.C. §§ 362(a)(2), (a)(5), (a)(6) and 554(c). Bankruptcy Code § 362(a) provides in relevant part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301. . . operates as a stay, applicable to all entities, of– . . .
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; . . .
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; . . . [and]
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; . . . ."

11 U.S.C. §§ 362(a)(2), (a)(5), and (a)(6).

The Plaintiff-Debtor alleges individually and on behalf of the putative class that the City violated § 362(a)(2) "by enforcing a judgment of vehicle impoundment against plaintiffs where such judgments were obtained before commencement their Chapter 7 bankruptcy cases." First Am. Compl. (Adv. Dkt. 17), ¶ 47.

He alleges, individually and on behalf of the putative class, the City violated § 362(a)(5) by acting to enforce against property of the Debtor a lien that purported to secure a claim that arose before commencement of the chapter 7 bankruptcy case. *Id.*, ¶ 51. He asserts the impounded vehicle was his property because the Chapter 7 Trustee "declined turnover." *Id.*, ¶ 50. The Trustee issued a Report of No Distribution on September 11, 2016, stating there was no property available for distribution and certifying that the estate "has been fully administered." *See* BK Dkt. 10 (text entry on the docket). The Debtor asserts more specifically that 30 days later, since no party in interest had objected within 30 days after the report was issued, under Bankruptcy Rule 5009, a presumption arose that the bankruptcy case was fully administered, and the vehicle was "presumptively abandoned" to him. *Id.*, ¶ 16 (citing Fed. R. Bankr. P. 5009). On November 9, 2016, a Discharge Order was entered. *See* Discharge Order (BK Dkt. 20). He alleges his bankruptcy case was closed on November 14, 2016, at which time the Trustee was not administering the impounded vehicle, and thus "the impounded vehicle was finally abandoned" to him. *Id.*, ¶ 17; *See* BK Dkt. 22 (text entry stating "Bankruptcy Case Closed and Trustee Discharged").

He asserts the City violated § 362(a)(6) "by acting to collect, assess, or recover a claim against plaintiffs that arose before the commencement of their Chapter 7 bankruptcies." *Id.*, ¶ 54.

Lastly, he argues the City violated § 554(c) "when it refused to abandon impounded vehicles to debtors/plaintiffs upon the closing of their Chapter 7 bankruptcy cases where none of the impounded vehicles were subject to administration and all rights, title and interests of the vehicles had reverted to debtors/plaintiffs." *Id.*, ¶ 57.

### 7. Laches and the Statute of Limitations

The automatic stay under the Bankruptcy Code contains no statute of limitations. *See* 11

U.S.C. § 362; *In re Collum*, 649 B.R. at 198 (citations omitted); *In re Terrace Hous. Assocs., Ltd.*, No. CV 17-5458, 2018 WL 6308144, at *3 (E.D. Pa. Dec. 3, 2018). "In the absence of such a limitation, the equitable doctrine of laches may serve to protect defendants against unreasonable, prejudicial delay in the prosecution of claims against them." *In re Terrace Hous. Assocs., Ltd.*, 2018 WL 6308144, at *3 (citing *In re Bressman*, 874 F.3d 142, 149 (3d Cir. 2017)).[12] The Seventh Circuit has reasoned the language of the 1984 amendments to the Bankruptcy Code that added a cause of action for violating the automatic stay did not include a statute of limitations and reversed a district court's ruling which held a cause of action under the automatic stay terminated when the stay expired. *Price v. Rochford*, 947 F.2d 829, 831-32 (7th Cir. 1991) (citing 11 U.S.C. § 362(h), the predecessor of § 362(k)).[13]

A court may raise the issue of laches *sua sponte*, as long as the parties are given notice of the need to address laches and an opportunity to respond. *See, e.g., Safeway Stores 46 Inc. v. WY Plaza LC*, 65 F.4th 474, 482-83 (10th Cir. 2023) (finding the district court erred by *sua sponte* applying laches to a restitution claim because the party who was ruled against lacked notice of a need to address laches), *cert. denied*, 144 S. Ct. 379 (2023); *In re Terrace Hous. Assocs., Ltd.*, No. BR 15-13368-MDC, 2023 WL 7030051, at *1-2 (Bankr. E.D. Pa. Oct. 25, 2023) (a bankruptcy judge

---

[12] For a discussion of other courts' approaches regarding whether § 362(k) contains a statute of limitations, *see In re Collum*, 649 B.R. at 198 (citing *In re Terrace Hous. Assocs., Ltd.*, 2018 WL 6308144, at *3; *Barclay v. Reimer & Lorber Co, LPA (In re Barclay)*, 337 B.R. 728 (Table), 2006 WL 238139, at *5–6 (B.A.P. 6th Cir. 2006); *Williams v. PRK Funding Servs., Inc.*, Case No. C18-48 RSM, 2018 WL 3328398, at *10 (W.D. Wash. July 6, 2018), *aff'd*, 817 F. App'x 524 (9th Cir. 2020); *Koffman v. Osteoimplant Tech., Inc.*, 182 B.R. 115, 124 (D. Md. 1995); *In re Breul*, 533 B.R. 782, 790 (Bankr. C.D. Cal. 2015); *Stanwyck v. Bogen (In re Stanwyck)*, 450 B.R. 181, 193 (Bankr. C.D. Cal. 2011); *Nelson v. Post Falls Mazda (In re Nelson)*, 159 B.R. 924, 925 (Bankr. D. Idaho 1993)).

[13] In 2005, § 362(h) was re-designated to § 362(k). Pub. L. 109-8, Title III, § 305(1)(B), Title XV, § 1501, Apr. 20, 2005, 119 Stat. 79, 216. In 2006, subsection (k) was changed and split into subsections (k)(1) and (k)(2). Pub. L. 109-304, § 17(b)(1), Oct. 6, 2006, 120 Stat. 1706.

raised laches defense *sua sponte* at a hearing and directed the parties to submit briefs addressing its application, and, on remand, an evidentiary hearing on laches was held; the parties were permitted to engage in fact discovery on laches). "Laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *In re Stubbs*, 565 B.R. 115, 126 (B.A.P. 6th Cir. 2017) (citing *Costello v. United States*, 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961)). "A defendant is prejudiced from delay in asserting a claim where the defendant has changed its position in a way that would not have occurred if the plaintiff had not delayed." *In re Richardson*, 497 B.R. 546, 556 (Bankr. S.D. Ind. 2013) (citing *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 824 (7th Cir. 1999)).

The court notes that although the parties did not brief the laches issue, in its initial Motion to Dismiss (Adv. Dkt. 16), which sought to dismiss an earlier-filed complaint, the City sought dismissal based on the applicable statute of limitations. *Id.*, ¶¶ 27-36; *see also* Motion to Dismiss (Adv. Dkt. 20), p. 2 n.1. In this Motion to Dismiss, the City did not raise a statute of limitations defense, but stated if the court did not dismiss the complaint for the reasons proffered in its Motion, "the City reserves the right to assert its statute of limitations defense." Motion (Adv. Dkt. 20), p. 2 n.1.[14]

As explained in *In re Peake*, "[a]fter a period of time in possession of the vehicle, the City

_____

[14] Federal Rule of Civil Procedure 12(g) applies in adversary proceedings according to Federal Rule of Bankruptcy Procedure 7012. It states:

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Fed. R. Civ. P. 12(g)(2).

The City should be careful about splitting its defenses.

also accrues the separate 'power [to dispose]' of the vehicle." *In re Peake*, 588 B.R. 811, 822 n.14

(Bankr. N.D. Ill. 2018) (citing *Transcon. Oil Co. v. Emmerson*, 298 Ill. 394, 397-99, 131 N.E. 645,

647 (Ill. 1921); Municipal Code of Chicago (M.C.C.) §§ 9–100–120(f), 9–92–100; 625 ILCS §

5/4–208(a)), *aff'd sub nom. In re Fulton*, 926 F.3d 916 (7th Cir. 2019), *vacated & remanded sub

nom. City of Chi. v. Fulton*, 592 U.S. 154, 141 S. Ct. 585, 208 L. Ed. 2d 384 (2021), *and vacated &

remanded sub nom. In re Fulton*, 843 F. App'x 799 (7th Cir. 2021). Illinois law and the Municipal

Code of Chicago permit quick disposition of impounded vehicles such that said vehicles may be

disposed of in around 28 days from the date of impoundment as long as the requisite notice is given

to the owner of record. *See* M.C.C. § 9–92–070; § 9–92–100(a); 625 ILCS 5/4-205, -206, and -208.

Under the Municipal Code of Chicago § 9–92–070(a), the owner of a motor vehicle that has been

impounded will receive a notice of the impoundment by certified mail within ten days of the

impoundment. If the impounded motor vehicle remains unclaimed by the registered owner for a

period of 18 days after the notice of impoundment has been given, if an additional notice by first-

class mail is sent to the registered owner, the superintendent of police or commissioner of streets and

sanitation "shall authorize the disposal or other disposition of such unclaimed vehicles . . . ." M.C.C.

§ 9–92–100(a); *accord* 625 ILCS 5/4-208(a) (permitting disposal of "an abandoned, lost, stolen or

unclaimed vehicle" after it has remained unclaimed for 18 days after notice has been given under 625

ILCS 5/4–205 and 625 ILCS 5/4–206 if during the 18-day period, an additional notice has been sent

via certified mail to the registered owner). However, M.C.C. § 9–92–100(a) states that the "the

registered owner may request from the department of streets and sanitation one extension of 15 days

before a vehicle is sold or otherwise disposed of."

Hence, the Plaintiff-Debtor's adversary proceeding, which was brought six years after the

bankruptcy case was filed, may be untimely. In the complaint, he contests the validity of the City's possessory lien and in his response, he argues because the City did not have a valid lien, it was in effect a "mere converter" of the Debtor's vehicle. First Am. Compl. (Adv. Dkt. 17), ¶¶ 11-12; Response (Adv. Dkt. 24), p. 14. This argument could have helped the Debtor if he had brought it to the court's attention in a timely manner. The court notes that under Illinois law, there is a five-year statute of limitations for claims to "recover damages for an injury done to [real or personal] property . . . or to recover the possession of personal property or damages for the detention or conversion thereof . . . ." 735 ILCS 5/13–205. Since the matter of laches has not been briefed by the parties, and the court will dismiss each count of the First Amended Complaint with prejudice on other grounds, the court will not rule on laches or statute of limitations issues.

However, the court suspects that the Plaintiff-Debtor may be judge shopping. Since the relevant five-year statute of limitations under Illinois expired five years after the City impounded and disposed of his vehicle in 2016 or earlier, bringing these claims in federal bankruptcy court six years after the impoundment may be an effort to avoid that five-year bar to litigating his claims in state court. In any event, "in the interest of comity with State courts or respect for State law," whether the City has a possessory lien is a matter best resolved by the state courts; this court would permissively abstain from ruling on the issue. See 28 U.S.C. § 1334(c)(1). We know from *Butner v. United States* that state law generally determines property rights in bankruptcy. See 440 U.S. 48, 54, 99 S. Ct. 914, 918, 59 L. Ed. 2d 136 (1979) (citations omitted) ("[C]ongress has generally left the determination of property rights in the assets of a bankrupt's estate to state law."). We should let the state courts weigh in on whether the City has a possessory lien.

In addition, the court notes that trustees and creditors who seek to deny a debtor's discharge

have to file an adversary proceeding within 60 days of the date first set for the section 341 creditors'

meeting. Fed. R. Bankr. P. 4004(a). Objections to exemptions must be filed within 30 days after

the section 341 meeting concludes. Fed. R. Bankr. P. 4003(b)(1). Creditors and trustees are required

to promptly challenge a debtor's right to a discharge or an exemption fairly early in a chapter 7 case.

With that in mind, the court finds a debtor should challenge liens sooner than six years after the case

was closed.

### IV. Basis for Dismissal for Each Count

The City argues the Plaintiff-Debtor's conclusory allegations and formulaic recitations of the

statutory language are insufficient to state claims against it. Mot. to Dismiss (Adv. Dkt. 20), ¶ 40.

The City argues that the Plaintiff-Debtor fails to state a claim under Fed. R. Civ. P. 12(b)(6) because

under *Willoughby*, since the Trustee, not the Debtor, has the right to demand turnover, the City did

not violate the stay by withholding the vehicle from the Plaintiff. *Id.*, ¶ 42 (citing 2016 WL

11811372, at *2).

The court finds the City has met its burden to show the legal insufficiency of the complaint

by a preponderance of the evidence. *See In re Collum*, 649 B.R. at 192-93 (citations omitted). The

complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) that the City violated

11 U.S.C. §§ 362(a) and 554(c). The Plaintiff-Debtor merely recites the statutory elements in the

Complaint; that is insufficient to raise a right to relief beyond a speculative level. *See Twombly*, 550

U.S. at 555, 127 S.Ct. at 1964-65.

### A. Section 326(a)(2)

As to count I, which alleges a violation of § 362(a)(2), that count will be dismissed with

prejudice because the Debtor does not allege or show that a judgment was enforced while the car was

-33-

property of the bankruptcy estate. The automatic stay ceased to operate against secured creditors, including the City, when the Debtor was granted a discharge on November 9, 2016. 11 U.S.C. § 362(c)(2)(C). The City pursued its rights as a lienholder after that date.

### B. Section 326(a)(5)

Count II, which alleges a violation of § 362(a)(5), will be dismissed with prejudice because the Debtor has not shown that during the case, the City initiated enforcement of a lien that arose before the commencement of the bankruptcy case. Our understanding based on what the Plaintiff-Debtor said in his Motion to Sever is that "[t]he City has disposed of the 1996 Dodge Ram after entry of plaintiff's Chapter 7 Order of Discharge in Case Number 16-26076 and before his filing of his Chapter 13 bankruptcy . . . ." *See Cordova*, Motion to Sever (Adv. Dkt. 296), ¶¶ 3-5 (citations omitted). He has not presented evidence to the contrary in this case. He cannot show that § 362(a)(5) was violated while this case was pending.

### C. Section 362(a)(6)

As to count III, which alleges a violation of § 362(a)(6), that count will be dismissed with prejudice because the Debtor does not allege or show that the City collected, assessed, or recovered a claim while the case was pending; the City stood on its lien, and acted after the automatic stay ended, under § 362(c)(2)(C).

The City did not violate § 362(a)(6) because it did not initiate collection on a pre-petition claim; it later enforced a lien that was not avoided at any point.[15] It offered the vehicle to the Chapter 7 Trustee, who declined the offer. First Am. Compl. (Adv. Dkt. 17), ¶ 14; Nov. 14, 2023 Hr'g Tr.,

---

[15] In *City of Chicago v. Mance*, the Seventh Circuit held that a lien on a vehicle held by the City of Chicago could be avoided under 11 U.S.C. § 522(f). *City of Chi. v. Mance (In re Mance)*, 31 F.4th 104, 1021-24 (7th Cir. 2022).

-34-

pp. 5, 15-16.  Thus, Count III (§ 362(a)(6)) is dismissed with prejudice.

### D. Section 554(c)

Count IV alleges a violation of § 554(c), asserting that it imposed an affirmative duty on the City to abandon the vehicle to the Debtor.  That provision states that scheduled property which has not been administered becomes abandoned to the Debtor; it did not impose an affirmative duty on the City to turn over the vehicle to the Debtor.  Because the City had possession of the vehicle when the case was filed, it was entitled to stand on its lien while the case was pending.  Thus, Count IV will be dismissed with prejudice.

### V. Conclusion

As explained above, the City's Motion to Dismiss (Adv. Dkt. 20) is granted.  Since the court finds the Debtor lacks standing to assert the stay violations at issue and because the City did not have a duty to turn over the vehicle to the Debtor, the court hereby dismisses Counts I, II, III, and IV with prejudice under Federal Rules of Civil Procedure 12(b)(1) and (b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012(b).

The Adversary Complaint is dismissed with prejudice as to both the Plaintiff-Debtor and as to the putative class.  A separate order will be entered.

Date: February 15, 2024                    ENTER: _____

                                           Chief Judge Jacqueline P. Cox
                                           U.S. Bankruptcy Court
                                           Northern District of Illinois